# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James C. Lester,**
**Petitioner Below, Petitioner**

**vs) No. 14-0548** (Wyoming County 12-C-206)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

**FILED**

March 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James C. Lester, by counsel Adam D. Taylor, appeals the denial and dismissal of his petition for writ of habeas corpus following his convictions for drug-related offenses. Respondent Marvin Plumley, Warden, by counsel Julie A. Warren, filed his response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 28, 2011, petitioner was arrested and arraigned on three counts of possession with intent to deliver a Schedule II controlled substance in violation of West Virginia Code § 60A-4-401. Thomas H. Evans, III, was originally appointed to represent petitioner, but petitioner retained Kyle Lusk as his attorney. On February 6, 2012, petitioner was indicted on six counts of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a)(i) and one count of possession of a controlled substance with intent to deliver in violation of § 60A-4-401(a)(ii). On April 3, 2012, petitioner pled guilty to three counts of his indictment, and the remaining four charges were dismissed. He was sentenced to three terms of one to fifteen years of incarceration, to be served consecutively. All sentences were enhanced subject to West Virginia Code § 60A-4-408(a), effectively doubling each sentence.[1]

Petitioner filed a petition for writ of habeas corpus on November 8, 2012, alleging his guilty plea was involuntary, ineffective assistance of counsel, and double jeopardy. On August 13, 2013, petitioner filed a *Losh* checklist and an amended petition for writ of habeas corpus. *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). In the amended petition, he alleged the following grounds: involuntary guilty plea, mental incompetency at the time of the crime, mental incompetency at the time of trial cognizable even if not asserted at the proper time or if

---

[1] West Virginia Code § 60A-4-408(a) provides for enhanced sentences for second and subsequent offenses for drug-related offenses.

1

resolution not adequate, incapacity to stand trial due to drug use, failure of counsel to take an appeal, ineffective assistance of counsel, excessiveness or denial of bail, claims concerning the use of informers to convict, questions of actual guilt upon an acceptable guilty plea, excessive sentence, and mistaken advice of counsel as to parole or probation eligibility. On April 23, 2014, the circuit court held an omnibus hearing on petitioner's amended petition. By order entered on May 9, 2014, the circuit court denied the amended petition.

In its order, the circuit court found that petitioner's counsel admitted that the following claims lack merit: involuntary guilty plea, mental competency at trial, incapacity to stand trial due to drug use, claim of incompetence at time of offense, mistaken advice of counsel as to parole or probation eligibility, and claims concerning the use of informers to convict. With respect to petitioner's claim that his trial counsel, Mr. Lusk, failed to appeal based on the alleged procedural defects with petitioner's plea, the circuit court concluded that there were no procedural defects with the plea. The court also found that petitioner had not met his burden of proving that Mr. Lusk did not appropriately inform him regarding the entrapment defense. The court further found that the plea agreement was not unfair in that petitioner received a reduced sentence compared to the maximum penalty which he could have received at trial. In its order, the court noted that the entrapment defense "would not have necessarily obtained a different outcome than the plea agreement" and that the entrapment defense, as described in the petition, appeared to lack merit. In addressing petitioner's contention that his bail amount was excessive, the court concluded that the same was not an appropriate ground to displace petitioner's conviction pursuant to a guilty plea.

With regard to petitioner's claim of a question of actual guilt upon an acceptable guilty plea, the circuit court determined that the entrapment defense would not necessarily have resulted in petitioner's acquittal, noting that "[t]he mere possibility that [petitioner] could have been innocent with little corroborating evidence is insufficient to make [the circuit court] question [petitioner's] guilt in that he has already pled guilty." Thus, it found that was not a valid ground for relief. Finally, the circuit court addressed petitioner's claim of excessive/improper sentence, finding that petitioner agreed to his sentence in the plea agreement. The court went on to note that petitioner was aware of his prior convictions and that his sentences may be enhanced on that basis, as the plea agreement specifically explained why petitioner's sentences were being enhanced. Petitioner appeals from that order.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "'[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v.*

2

*Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

Petitioner asserts three assignments of error on appeal. First, petitioner argues that the circuit court abused its discretion in denying his petition for habeas relief because he received ineffective assistance of counsel. Petitioner asserts that his trial counsel, Kyle Lusk, wrongly informed petitioner there was no entrapment defense in West Virginia, so petitioner was unable to make an informed decision regarding his plea. He argues that his guilty plea was predicated on insufficient knowledge of West Virginia law and that he did not learn that he could have asserted an entrapment defense until after he had entered his plea. Petitioner contends that the entrapment defense was applicable to his underlying criminal case because the State induced petitioner's wrongful actions through the use of its confidential informant. According to petitioner, the confidential informant contacted petitioner by telephone on several occasions and asked petitioner to sell him a small amount of Oxycodone because the informant was "pill sick" and needed pills to feel well again. Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's claim of ineffective assistance of counsel. We have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson,* 232 W.Va. 196, 751 S.E.2d 716 (2013). In the habeas proceedings below, petitioner was denied relief because he failed to establish that counsel gave him incorrect information regarding the defense of entrapment in West Virginia. At the omnibus hearing, petitioner pointed only to his assertion that the incorrect information was provided. He contends that if he had been aware of the defense of entrapment as an option, testimony has shown that he would have taken the case to trial. However, petitioner fails to provide a reference to the record to support that claim.

In discussing claims of ineffective assistance of counsel, we have held that "'[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter,* 226 W.Va. 278, 700 S.E.2d 489 (2010). As noted above, petitioner provided no evidence to corroborate his claim that trial counsel provided incorrect information regarding the entrapment defense. Further, trial counsel testified at the omnibus hearing that he discussed the entrapment defense with petitioner but advised petitioner of the risks associated with pursuing that defense. Counsel explained to petitioner that in thirty-six years of practice, he had never seen a successful entrapment defense. Counsel also informed petitioner that it was his opinion that it was unlikely that the entrapment defense would be effective in light of the video evidence in the case against petitioner. Counsel advised that "rolling the dice" with the entrapment defense was an even greater risk to petitioner given his possible exposure to a life sentence as a recidivist if the State

3

prevailed on any of the seven counts set forth in the indictment. Based upon this testimony and the record before this Court, we find that the circuit court did not err in finding that petitioner failed to prove by a preponderance of the evidence that trial counsel was ineffective.

Petitioner's second and third assignments of error have a great deal of overlap, so we will address them jointly. Petitioner's second assignment of error is that the circuit court erred by not voiding petitioner's sentence because the State failed to file an information detailing petitioner's convictions as a precedent to a valid imposition of an original sentence. As set forth by petitioner, the failure of a prosecuting attorney to file an information in writing, showing any prior convictions as a condition precedent to valid imposition of an additional sentence because of prior convictions, may be reached in a habeas corpus proceeding. *See* W.Va. Code §§ 61-11-18 and -19; *State ex rel. Yokum v. Adams*, 145 W.Va. 450, 114 S.E.2d 892 (1960). Petitioner argues that even when the indictment mentions a previous conviction and when the court was orally informed of that conviction, a habitual offender sentence must be void if no information was filed alleging previous convictions. He also asserts that the circuit court enhanced all three of petitioner's sentences, pursuant to West Virginia Code § 60A-4-408(a), when the record is devoid of information noting petitioner's previous convictions that were presumably used to merit enhanced sentencing. Similarly, his third assignment of error is that the circuit court erred in refusing to modify petitioner's sentence because all three of his charges were enhanced, which is explicitly prohibited under West Virginia law. Petitioner asserts that it appears from the record that West Virginia Code § 61-11-18 was used to enhance petitioner's sentence.

West Virginia Code § 60A-4-408(a) provides that "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized . . . ." Petitioner does not contest the fact that he was previously convicted of at least one drug-related offense. This Court has found that "West Virginia Code § 60A-4-408 (1971), which permits sentencing enhancement for certain repeat drug offenders based solely on the fact of a previous drug conviction, does not violate the due process protections found in Article III, § 10 of the West Virginia Constitution." Syl. Pt. 4, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008). Absent from the statute, and implicitly recognized by *Rutherford*, is a requirement that an information be filed setting forth the prior convictions in order for the statutory enhancement to apply. During the sentencing hearing, the circuit court set forth the terms of the terms of petitioner's plea agreement, including the following:

> You will agree to and not contest your sentence and enhancement on each of the three counts pursuant to West Virginia Code 60(A) 4-408 (a) [sic], which has the effect of doubling the sentence on each count. The effect of this enhancement is that you will be exposed to a penalty of 2 to 30 years for each conviction for a total exposure of 6 to 90 years in the custody of the Department of Corrections. . . . The State will not pursue further sentencing enhancements, including information for being a 3rd offense convicted felon or other enhancements other than as previously outlined . . . .

In response, neither petitioner nor his trial counsel asserted any objection or other statement to indicate any misunderstanding as to the plea agreement. The plea agreement itself includes the enhancement language, specifically referencing West Virginia Code § 60A-4-

4

408(a), and petitioner initialed each page of that plea agreement. Based upon the record before this Court, it is clear that petitioner's sentence was enhanced pursuant to West Virginia Code § 60A-4-408. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). Therefore, we find that the circuit court did not err in finding that petitioner is not entitled to habeas relief on these grounds.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5